# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON A. ELLIOT,<br><br>  Plaintiff,<br><br>  v.<br><br>FRANK T. ELLIOTT, III, et al.,<br><br>  Defendants. | Case No. 1:21-cv-00897-SAB<br><br>ORDER DENYING MOTION TO DISMISS AS MOOT, WITHDRAWING MOTION TO REMAND, AND ADVANCING SCHEDULING CONFERENCE<br><br>(ECF Nos. 6, 10, 12) |

Plaintiff filed this action in the Superior Court of California, County of Tulare, on March 26, 2021. (ECF No. 1 at 8.) Defendants removed this action to the United States District Court for the Eastern District of California, on June 4, 2021. (ECF No. 1.) Plaintiff's sole federal claim in the originally filed complaint was based on the Perishable Agricultural Commodities Act of 1930 ("PACA"). (ECF No. 1 at 8-29.) Specifically, the Petition brought claims for: (1) Petition for Accounting: (2) Petition to Remove Trustee; (3) Petition for Surcharge; (4) Return of Trust Property and Damages; (5) Aiding and Abetting Fiduciary Breaches and for Return of Wrongful Withholding of Trust Property; (6) Violation of PACA and California Food and Agriculture Code; and (7) Conversion. (Id.)

On June 14, 2021, Defendants filed a motion to dismiss, along with an answer and counterclaim. (ECF Nos. 6, 7.) The counterclaim proffers jurisdiction based on the PACA claim. (ECF No. 7.) On June 18, 2021, Plaintiff filed a first amended complaint which retains

all the same claims as the original complaint except for the PACA claim. (ECF No. 9.) On June 28, 2021, Plaintiff filed a motion to remand based on the absence of the PACA claim. (ECF No. 10.) Thereafter, on June 30, 2021, Plaintiff filed an opposition to the motion to dismiss, primarily arguing the case should be remanded as no federal claim remains. (ECF No. 14.) On July 8, 2021, Defendants filed a reply to the motion to dismiss, stating the motion to dismiss is ultimately moot, and arguing that regardless of whether the Court rules on the motion or the motion to dismiss is moot, the Court has jurisdiction over the remaining claims. (ECF No. 16 at 2-3.) On July 20, 2021, Defendants filed an opposition to the motion to remand. (ECF No. 19.)

On July 9, 2021, Defendants filed an answer to the first amended complaint, and on July 14, 2021, Plaintiff/Counter-Defendant filed an answer to the counterclaim. (ECF Nos. 17, 18.) On July 23, 2021, the case was reassigned to the undersigned pursuant to the parties' consent. (ECF No. 22.) On July 26, 2021, Plaintiff filed a notice of withdrawal of the motion to remand, on the "ground that the parties to this action have consented to jurisdiction of a Magistrate Judge." (ECF No. 23.) A scheduling conference is currently set on February 15, 2022, which was continued due the pending motion to remand. (ECF No. 12.) On August 11, 2021, the parties filed a stipulation to advance the scheduling conference to October 26, 2021. (ECF No. 24.)

Based on the above record, the Court shall deny Defendants' motion to dismiss as moot; withdraw Plaintiff's motion to remand pursuant to the notice of withdrawal; and advance the scheduling conference based on the fact that answers have been filed to the first amended complaint and counterclaim. While the parties requested a date in October to hold the scheduling conference, the Court finds an earlier date to be more appropriate based on the date the answers have been filed in this action. See Fed. R. Civ. P. 16(b)(2) ("The judge must issue the scheduling order as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared.").

///

///

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss (ECF No. 6) is DENIED as moot;
2. Plaintiff's motion to remand (ECF No. 10) is WITHDRAWN;
3. The scheduling conference set for February 15, 2022, is ADVANCED to **September 30, 2021, at 11:30 a.m.** in Courtroom 9; and
4. The parties shall file a joint scheduling report **seven (7) days** prior to the scheduling conference.[1]

IT IS SO ORDERED.

Dated:   **August 25, 2021**

UNITED STATES MAGISTRATE JUDGE

---

[1] The parties shall address any remaining issues regarding jurisdiction, if any, in the joint scheduling report.