# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON A. ELLIOTT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FRANK T. ELLIOTT, III, et al.,<br><br>　　　　Defendants. | Case No. 1:21-cv-00897-SAB<br><br>ORDER REQUIRING PARTIES TO ADDRESS STIPULATION TO REMAND WITHIN THREE DAYS OR FILE DISPOSITIONAL DOCUMENTS WITHIN TWENTY-ONE DAYS<br><br>(ECF No. 39) |

Plaintiff filed this action in the Superior Court of California, County of Tulare, on March 26, 2021. (ECF No. 1 at 8.) Defendants removed this action to the United States District Court for the Eastern District of California, on June 4, 2021. (ECF No. 1.) On August 25, 2021, the Court entered an order denying Defendants' motion to dismiss as moot, withdrawing Plaintiff's motion to remand pursuant to a notice of withdrawal, and advanced the scheduling conference. (ECF No. 25.) In that order, Court summarized the filings in this action regarding the parties' removal of this action and the parties' respective motions to dismiss and remand, and the Court incorporates that discussion by way of reference. (ECF No. 25 at 1-2.) Given the parties' statements contained in the filings concerning jurisdiction, when ordering the parties to file a joint scheduling report, the Court specifically noted that the parties were to "address any remaining issues regarding jurisdiction, if any, in the joint scheduling report." (ECF No. 25 at 3

n.1.)  In the joint scheduling report filed on September 23, 2021, the parties proffered that jurisdiction was "proper under 28 U.S.C. §§ 1331, 1367 and 1441." (ECF No. 26 at 10.)

On May 6, 2022, the parties filed a stipulation for remand of this action.  (ECF No. 39.) The parties proffer that they have already entered into a full and final legal settlement of this action; that the settlement agreement provides for the distribution of property and termination of a trust that are subject matters within the jurisdiction of the Tulare County Superior Court; and that the parties have agreed to remand this action to the Tulare County Superior Court in order to petition the state court to approve the settlement, distribute property, and terminate the trust. Further, the stipulation requests that while the case will be remanded, this federal action will be placed on "inactive status" and then upon completion of the approval in state court, the parties will file a request to dismiss this action with prejudice.  While the stipulation cites to no legal authority, the attached proposed order states that the remand is pursuant to 28 U.S.C. § 1447(c). (ECF No. 39 at 3.)

Section 1447(c) provides that: "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."  Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003).

It appears that the parties are now of the position that this Court lacks subject matter jurisdiction over this action.  The Court will not hold this action open in some form of quasi-jurisdictional inactive status while the state court approves the parties' settlement.  If the parties' position is that this Court lacks subject matter jurisdiction and request the action be remanded, the Court will not hold this action open.  The Court will require the parties to address the filed stipulation within three (3) days, and the parties may request the Court to remand this action pursuant to the stipulation and the Court will close this action based on lack of jurisdiction. Otherwise, the Court will require the filing of dispositional documents within twenty-one (21)

days based on the parties' proffer of a full and complete settlement, and no good cause being presented for holding the action open, as pursuant to Local Rule, the Court is required to fix a date for dispositional documents to be filed within twenty-one (21) days, absent good cause shown to extend such time. L.R. 160(b).

Accordingly, it is HEREBY ORDERED that:

1. All pending matters and dates are VACATED;

2. If the parties agree this matter should be remanded, within three days of entry of this order, the parties shall file a stipulated request for remand and request to close this action upon remand, without a request for this Court to hold this action open following remand; and

3. If the parties do not agree to close this action upon remand, the parties shall file dispositional documents within twenty-one (21) days of entry of this order, based on the parties notice of settlement and the requirements of Local Rule 160(b).

IT IS SO ORDERED.

Dated:  **May 9, 2022**

UNITED STATES MAGISTRATE JUDGE